UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALDEMAR VALLECILLO,

v.  Case No. 8:04-cr-141-T-24MAP
    8:07-cv-916-T-24MAP

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on ground one of Defendant Valdemar Vallecillo's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-333).

Background

Vallecillo raised two grounds for relief in the motion to vacate. On July 5, 2007, the Court denied ground two and set an evidentiary hearing on ground one. The Court appointed the Federal Public Defender to represent Vallecillo at the hearing. (Doc. cv-8). In ground one, Vallecillo alleges that "Because of my counsel's ineffective assistance of counsel, I was unable to appeal my second sentencing by this Court." In support, he contends:

> Defendant speaks Spanish only. Upon the District Court's resentencing him on May 24, 2006, the Defendant asked his Spanish speaking interpreter if he could speak to his attorney in regard to filing an appeal. However, before he could speak to his attorney, he was removed

> from the courtroom and although the Defendant called his attorney numerous times in the next few days and months, his attorney never returned his call, explained the sentence to him, or filed an appeal.

(Doc. cv-1, Motion To Vacate, p. 5).

## Applicable Law

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court established a three-step analytical framework to be applied in assessing ineffective assistance of counsel claims predicated upon counsel's failure to file a notice of appeal on the defendant's behalf. Under *Flores-Ortega*, courts first must establish whether a defendant requested that his attorney file a notice of appeal. If such a request were made and disregarded, then counsel acted in a manner that was per se professionally unreasonable. Id. at 477. If, however, the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, courts must then determine whether counsel "consulted" with the defendant about an appeal. In this context, the term "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 488. "If counsel has consulted with the defendant ... then [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* If, however, counsel fails to consult with the defendant, then "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* In this final category of cases, the Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." Id. at 480. Rather, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a

rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.*

## Discussion

At the evidentiary hearing on August 24, 2007 the Court heard testimony from Vallecillo and Attorney Daniel Castillo, who represented Vallecillo at the May 24, 2006 resentencing. Attorney Castillo, an experienced criminal defense attorney, testified that he maintains detailed records for each client he represents, and that, within the time-limit for filing a direct appeal, he has no record of telephone calls or letters from Vallecillo asking him to file a notice of appeal of his second sentencing. Vallecillo's testimony did not refute Castillo's testimony on this issue. In addition, there is no evidence that Vallecillo asked Castillo to file an appeal on the day of the resentencing. Attorney Castillo testified that on the day of resentencing, Vallecillo did not ask him to file an appeal. Vallecillo testified he asked the interpreter about an appeal but did not ask Castillo. Based on the parties' testimony, the Court finds that Vallecillo did not directly tell Attorney Castillo that he wanted to appeal his second sentencing, and consequently, there is no evidence that Attorney Castillo disregarded Vallecillo's specific instructions to file a direct appeal of his second sentencing.

Vallecillo testified and Attorney Castillo confirmed that, after the May 24, 2006 resentencing, Castillo never visited Vallecillo in jail to discuss an appeal. There was no evidence that Attorney Castillo made a reasonable effort to ascertain what Vallecillo's wishes were as to an appeal. Attorney Castillo did not take the necessary steps to confirm or deny whether Vallecillo wanted to appeal. Two factors support a finding that Vallecillo,

as a rational defendant, would have wanted to appeal. First, Vallecillo appealed the previous sentence and prevailed on a *Blakeley v. Washington*, 542 U.S. 296 (2004) issue. As a result of that appeal, he was resentenced. Vallecillo could rationally have believed that he would prevail on the second appeal. Second, Vallecillo was not happy with the sentence of 135 months he received at the second sentencing and testified that he had hoped for a shorter sentence.

Based on Attorney Castillo's failure to satisfy his duty to consult with Vallecillo to ascertain his wishes relative to filing a Notice of Appeal of his second sentencing, the Court finds that counsel was ineffective in failing to file a Notice of Appeal of the second sentencing and that Vallecillo is entitled to file an out-of-time appeal of his second sentencing.

The Court appoints the Federal Public Defender to represent Vallecillo on the out-of-time appeal of his May 24, 2006 resentencing.

## Conclusions

1. Vallecillo's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-333) is denied as to ground two, and granted as to ground one. Vallecillo is entitled to file an out-of-time appeal of his resentencing on May 24, 2006.

2. The Court adopts and incorporates herein the July 5, 2007, order denying ground two. (Doc. cv-8). The Clerk is directed to enter judgment against Vallecillo in the civil case as to ground two, and to close the civil case.

3. The Clerk is directed to vacate the amended judgment entered in criminal case 8:04-cr-141-T-24MAP on May 24, 2006. (Doc. cr-131). Pursuant to *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), the Clerk is directed to enter a second

amended judgment on August 24, 2007 against Vallecillo in the criminal case and Vallecillo's time for filing an appeal shall run from August 24, 2007.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED AS TO GROUND TWO

Vallecillo is not entitled to a certificate of appealability as to ground two. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis on ground two.

ORDERED at Tampa, Florida, on August 28, 2007.

SUSAN C. BUCKLEW
United States District Judge

AUSA: Christopher P. Tuite
FEDERAL PUBLIC DEFENDER: Donja Dyer
Attorney Daniel L. Castillo